IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHICAGO FRANCHISE SYSTEMS, INC.,** an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>**FLOYD SIMS,**<br><br>Defendant. | No. 1:23-cv-664 |

### COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, CHICAGO FRANCHISE SYSTEMS, INC., an Illinois corporation ("Chicago Franchise"), by its undersigned attorneys, for its Complaint for Breach of Contract against the Defendant, FLOYD SIMS ("Defendant"), states as follows:

### GENERAL ALLEGATIONS

### The Parties

1. Plaintiff Chicago Franchise is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Mokena, Illinois. Chicago Franchise is engaged in the business of granting licenses and franchises for the operation of Nancy's Pizzerias, which offer for sale pizza, pasta, and other food products and items.

2. Defendant Floyd Sims is a citizen of the State of Georgia who, upon information and belief, resides in Braselton, Georgia.

### Jurisdiction and Venue

3. This Court has original subject matter jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between citizens of different states, jurisdiction being expressly conferred in accordance with

28 U.S.C. §1332(a), in that (a) Plaintiff Chicago Franchise is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois, and (b) Defendant is a citizen of the State of Georgia.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because (a) a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district and (b) under Section XIII.E. of the franchise agreement at issue in this action, Defendant "irrevocably consents to the exclusive jurisdiction and venue of the courts of the State of Illinois and of any Federal court located in the State of Illinois, County of Cook, in connection with any action or proceeding arising out of or relating to" the Franchise Agreement.

## The Franchise Agreement

5. Chicago Franchise, through a licensing arrangement, is now and since 1991 has been engaged in the business of granting licenses and franchises for the operation of Nancy's Pizzerias, which offer for sale pizza, pasta, and other food products and items, using Chicago Franchise's unique practices, systems, procedures, methods, devices and techniques and variations thereof for the operation of those Nancy's Pizzerias.

6. In connection with its licensing and franchising of Nancy's Pizzerias, Chicago Franchise licenses the use of certain trademarks, trade names, photographs, recipes, and other ideas (the "Chicago Franchise System").

7. The Chicago Franchise System has been used exclusively by Chicago Franchise and its franchisees and licensees in connection with the operation of Nancy's Pizzerias.

8. On or about August 22, 2017, Defendant entered into a Chicago Franchise Systems, Inc. Standard Franchise Agreement with Chicago Franchise (the "Franchise Agreement"). (A copy of the Franchise Agreement is attached hereto as **Exhibit 1**.)

9. The Franchise Agreement granted Defendant the license and right, and he undertook the obligation, to operate a Nancy's Pizzeria using the Marks and the Chicago Franchise System, at a single location.

10. Defendant established a Nancy's Pizzeria at 1360 Dogwood Drive SE, Conyers, Georgia ("Defendant's Nancy's Pizzeria").

11. Under Section IV.D. of the Franchise Agreement, Defendant agreed to pay Chicago Franchise a continuing and non-refundable royalty in an amount equal to 6% of the gross sales generated from Defendant's Nancy's Pizzeria, which fees were due and payable on a weekly basis.

12. Under Section IV.E. of the Franchise Agreement, Defendant agreed to pay Chicago Franchise a continuing and non-refundable advertising fee in an amount equal to 3% of the gross sales generated from Defendant's Nancy's Pizzeria, which fees were due and payable on a weekly basis.

13. Under Section IV.F. of the Franchise Agreement, Defendant agreed to submit to Chicago Franchise on a weekly basis all sales information and other information designated to be provided by Chicago Franchise.

14. Under Section IV.L. of the Franchise Agreement, Defendant agreed that (a) he would pay a service charge equal to 1% of the previous week's gross sales each time he failed to timely provide the information required to be provided under Section IV.F. and (b) interest

would accrue on outstanding amounts due to Chicago Franchise at the rate of 0.05% per day or the highest rate permitted by law, whichever is less.

15. Beginning in or about January 27, 2020, Defendant failed to pay royalties as required by Section IV.D. of the Franchise Agreement and failed to pay advertising fees as required by Section IV.E. of the Franchise Agreement, which failure constitutes a breach of the Franchise Agreement.

16. As a direct and proximate result of Defendant's breaches of the Franchise Agreement, Chicago Franchise has been damaged.

17. As of the filing of this Complaint, Defendant owes Chicago Franchise $94,688.26 in past due royalties and $111,624.92 in past due advertising fees, which amount does not include interest.

18. Chicago Franchise has fully performed all obligations required to be performed.

WHEREFORE, Plaintiff, CHICAGO FRANCHISE SYSTEMS, INC., requests this Court enter judgment in its favor and against Defendant, FLOYD SIMS, as follows:

A. An amount equal to the unpaid royalties, advertising fees, which exceeds $75,000.00, plus accrued interest pursuant to Section IV.L of the Franchise Agreement;

B. An award of attorneys' fees and costs pursuant to Section XI.C of the Franchise Agreement; and

C. Such other and further relief as this Court deems just and appropriate.

Dated: February 2, 2023

                                          Respectfully submitted,

                                          /s/ Michael J. Boxerman
                                          Attorney for Plaintiff

Michael J. Boxerman mboxerman@marcusboxerman.com
Míle Knabe mknabe@marcusboxerman.com
MARCUS & BOXERMAN
20 N. Clark Street, Ste. 3300
Chicago, Illinois 60602
(312) 216-2730

COUNSEL FOR PLAINTIFF

# EXHIBIT 1